# In re Justice William C. Hill

[569 A.2d 446]

No. 86-395

Present: Dooley, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.), Springer, D.J. (Ret.) and Ellison, D.J., Specially Assigned

Order Filed September 26, 1989

Opinion Filed November 9, 1989

*Douglas Richards*, Springfield, and *William J. Donahue*, White River Junction, Special Counsel to Judicial Conduct Board.

*Carl H. Lisman* and *Michael Marks* of *Lisman & Lisman*, Burlington, for Justice Hill.

## Entry Order

This Court having determined that Justice William C. Hill violated Canons 2A, 3A(4) and 3C(1) of the Code of Judicial Conduct, Justice William C. Hill is hereby publicly reprimanded and is suspended from judicial duties for the term of his retirement unless otherwise ordered by the Court.

**Per Curiam.** In the course of presenting proposals for sanction in this matter, counsel have argued whether this Court has the power to impose a sanction of suspension from service on a retired judge. We conclude that we have such power and write briefly to explain our resolution of the issue.

The Court's power to discipline members of the judiciary is specifically provided in Ch. II, § 36 of the Vermont Constitution. That section authorizes this Court to "suspend justices of the Supreme Court . . . from the judicial function . . . in such manner as may be provided by law." The only statute bearing on the subject is 4 V.S.A. § 3, which places "disciplinary control of all judicial officers of the state" in this Court. It goes on to authorize this Court to issue rules "for the exercise of disciplinary control including but not limited to . . . imposing sanctions, including when appropriate suspension from judicial duties for the balance of the term of the judicial officer charged."

Counsel for Justice Hill argues that since he is no longer an active member of the bench, even that limited power to suspend is inapplicable, leaving only the power to reprimand. We see no such limit. This statute was enacted before the effective date of § 36 of the Vermont Constitution, which section had no antecedent in the earlier version of our Constitution. The Legislature was quite clear about the relationship of the Court's powers under the statute to those it retained for itself when it provided in § 3:

> The supreme court shall have administrative and disciplinary control of all judicial officers of the state, in *addition to and not inconsistent with* the constitutional powers of the general assembly in those matters.

(Emphasis added.) The specific inclusion of the power to impose the sanction of suspension was clearly intended at the time the statute was drafted to supplement, not reduce, the Court's disciplinary powers, negating any contention that those disciplinary powers conflicted with the Legislature's own power of impeachment. Nothing in the later adopted Ch. II, § 36 can be read to alter or limit that reading of 4 V.S.A. § 3. On the contrary, Ch. II, § 36 confirms and endorses the broad disciplinary authority of this Court over all judicial officers of the state.

In sum, to the extent 4 V.S.A. § 3 is relevant to the question before the Court, we believe it is intended to grant to the Court the power to use the full range of sanctions authorized by the Constitution. The statute itself is a broad grant of disciplinary authority that specifies the power to suspend in certain circum-

stances, but does not limit use of the suspension sanction to those circumstances. The sanctions we have imposed in this matter are well within that broad authority.

■ The final objection to the sanction is that it interferes with the Legislature's power of impeachment. Counsel is correct that the Vermont Supreme Court lacks the power to remove a judge or justice from office in the absence of a specific state constitutional provision for removal, in accord with the general rule in other states. See *In re Mussman*, 112 N.H. 99, 100, 289 A.2d 403, 404 (1972); *In re Benoit*, 487 A.2d 1158, 1171–73 (Me. 1985); Cameron, *The Inherent Power of a State's Highest Court to Discipline the Judiciary*, 54 Chi.-Kent L. Rev. 45, 51 (1977). But, as the Constitution recognizes, suspension is not the same as removal, and the suspension authority of this Court in no way interferes with the power of the legislative branch to undertake impeachment proceedings in an appropriate case.

Moreover, in the present case the Legislature has no power to impeach because Justice Hill has retired. Thus, the effect of counsel's argument is to leave a retired judge or justice with judicial powers, but to deny either the judicial or legislative branch the power to impose an effective sanction. We have stated before that the fact of retirement does not impair the jurisdiction of this Court to take disciplinary action. *In re Wheel*, 148 Vt. 632, 632–33, 533 A.2d 1194, 1195 (1987) (mem.); see also *In re Peoples*, 296 N.C. 109, 150–51, 250 S.E.2d 890, 914 (1978).

■ For the above reasons, we conclude that we have the power to suspend Justice Hill from serving as a judicial officer at least so long as his power to do so is derived solely from the office from which he retired.